FREED v. ZUCKERMAN et al.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

BILLS AND NOTES (§ 375*)—EVIDENCE—ADMISSIBILITY.

  . In an action on notes given to a partnership and indorsed to a member thereof, who claimed to be a bona fide holder for value, where defendants claimed that they were made while the maker was in bankruptcy as an illegal preference, in addition to the amount which the partnership had agreed to accept, equal to that awarded to other creditors, in a composition agreement previously entered into, the exclusion of the composition agreement and conversations between the holder and the maker at the time the notes were given was error.

  [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 971–981; Dec. Dig. § 375.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Moses Freed against Harry Zuckerman and others. From a judgment for plaintiff after a trial without a jury, defendants appeal. Reversed, and new trial granted.

Argued January term, 1914, before LEHMAN, BIJUR, and PAGE, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William Jasie, of New York City, for appellants.

Virginius Victor Zipris, of New York City, for respondent.

BIJUR, J. Plaintiff sued on two promissory notes, made by defendant Zuckerman and indorsed by the other two defendants. Plaintiff claims to be the bona fide holder for value as purchaser from the original payee, a firm of which plaintiff was a member. The defense is that the notes were made by Zuckerman after he had been put into bankruptcy as an illegal preference of plaintiff's firm, in addition, to the amount which said firm had agreed to accept from Zuckerman equal to that awarded to Zuckerman's other creditors in a composition agreement previously entered into. Defendant was prevented from putting in evidence either the composition agreement or conversations between the plaintiff and the defendant at the time the notes were given.

No objection was taken to the order of proof; and, as the testimony was competent, relevant, and material, and erroneously excluded and due exception taken, the judgment must be reversed.

Judgment reversed, and new trial granted, with costs to appellants to abide the event. All concur.